# Petruska *v.* Packard Motor Car Company, Appellant.

*Negligence—Automobiles—Master and servant—Agency—Case for jury.*

Where the facts are in dispute or more than one inference can be drawn therefrom, the issue of whether or not a servant was acting for his master and within the scope of his employment, is for the jury, and the surrounding facts and circumstances are to be considered by the jury in such inquiry. Where the evidence is of such a character that an inference of employment may be drawn from it, the case is for the jury.

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff was struck by an automobile, driven by a salesman of the defendant company, which he was demonstrating to a prospective purchaser. It further appeared that while the automobile did not belong to the defendant company, it was being demonstrated by its agent, in order that it might be sold and the proceeds therefrom applied to the purchase of a new car. Under such circumstances, the case was for the jury as to whether or not the agent was acting in the course of his employment as a salesman of the defendant company, and a verdict for the plaintiff will be sustained.

Argued March 13, 1924. Appeal, No. 50, Oct. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1920, No. 4841, on verdict for plaintiff, in the case of Genevieve Petruska, by her father and next friend Frank Petruska, and Frank Petruska in his own right, v. Packard Motor Car Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Genevieve Petruska, in the sum of $2,500 and for plaintiff, Frank Petruska, in the sum of $500 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal to grant motion for judgment non obstante veredicto.

*Ralph B. Evans,* and with him *Francis H. Scheetz,* for appellant.—The driver was operating the car as a bailee and not as an agent of the defendant: Smith v. State Workmen's Insurance Fund, 262 Pa. 286, 291; Simonton v. Morton, 275 Pa. 562; Barton v. Studebaker Corp. of America, 189 Pac. (Cal.) 1025; Goodrich v. Musgrave Fence & Auto Co., 135 N. W. (Iowa) 58; Premier Motor Mfg. Co. v. Tilford, 111 N. E. (Ind.) 645.

*William I. Stanton,* for appellees, cited: Brunner v. Telegraph Co., 151 Pa. 447; American Car & Foundry Co. v. Water Co., 218 Pa. 542; Parker v. Matheson Car Co., 241 Pa. 461; Blaker v. Philadelphia Electric Co., 60 Pa. Superior Ct. 56; Zondler v. Foster Mfg. & Supply Co., 277 Pa. 98.

OPINION BY HENDERSON, J., April 21, 1924:

A joint appeal was taken from the judgments entered in the court below. When the case was called for argument the defendant, with the consent of the plaintiff's counsel, elected to proceed on the appeal as from the judgment of Genevieve Petruska and the record was accordingly so amended. The subject for consideration is limited by the statement of the question involved to the defense that the driver of the automobile at the time of the accident was not acting as the defendant's agent. The learned trial judge refused to

give binding instructions at the defendant's request and submitted the case to the jury. The only witness on the question of agency was McGuickin, the driver of the car, who was called by the plaintiff; the appellant having offered no evidence on that subject. It appeared from the testimony of this witness that he had been in the service of the defendant for about four years as a salesman; that he had no other employment and that he gave daily attention to the business of the company; that he received compensation by commissions paid; he was driving a Packard twin-six car, owned by Gustavus and Walter Muller at the time the accident occurred; he came into possession of it by permission of the owners who were negotiating with him for the purchase of two new "single-six" Packard cars and who had made a verbal agreement with him that they would take the new cars if he could sell their used car. It was while he was driving to a prospective purchaser of the Muller car that the plaintiff was struck and injured. No compensation was paid by the Muller brothers for McGuickin's service. No specific instructions were given the agent except that he was forbidden to sell second-hand cars to "gyps," that is, used car dealers along the street, but he could sell them to legitimate purchasers—to people outside. It was the practice for the agent to report the amount the prospective buyer wanted for his old car. The agent's commissions were based on the amount of sales. It was the custom of the defendant to take used cars at an allowance valuation on contracts for new cars. The agent's contract was not in writing. It is a well established rule that where the facts are in dispute or more than one inference can be drawn therefrom, the issue whether or not the servant was acting for the defendant and within the scope of his employment is for the jury and the surrounding facts and circumstances are to be considered by the jury in this inquiry: Parker v. Matheson Car Co., 241 Pa. 461; Zondler v. Foster Mfg. & Supply Co., 277 Pa. 98; Blaker v. Phila. Electric Co., 60 Pa. Superior Ct. 56. Where the evidence is of

such a character that an inference of employment may be drawn from it, the case is for the jury. If the primary purpose of the agent and the probable result of his conduct was in the interest of the employer, the jury might properly infer that he was acting within the scope of his employment although he may have had a personal interest in the transaction: Blaker v. Phila. Electric Co., supra; Malting Cor. & Brewing Co. v. Huggins, 96 Ill. App. 144. The application of the law to the facts presented in the testimony gives approbation to the action of the court below in submitting the case to the jury. It was clearly to the interest of the defendant that the used car be sold rather than exchanged. In the event that the negotiation was carried through the company would receive the price of the new cars and be relieved from the necessity of disposing of the car taken in exchange and the inference might be fairly drawn from all the testimony that this was in harmony with the method of business adopted or permitted by the defendant and consistent with faithful service on the part of the employee. An employer is responsible not only for the acts done by the agent within the scope of his employment, but also for those in any sense warranted by the implied authority conferred upon him, considering the nature of the services required and the circumstances under which the act is done: Richey v. Waller, 63 Conn. 155. If the accident occurred as the result of conduct within the general scope of the agent's authority, it is not necessary that express permission or direction be shown to establish the responsibility of the employer: Marcus v. Gimbel, 231 Pa. 200. Taking the character of the defendant's business into consideration and the manner in which McGuickin was authorized or permitted to transact his part of it, we cannot declare as a legal proposition that his connection with the Muller car was not within the scope of his employment and in the interest of his employer. That question was one for the jury and not for the court.

The judgment is therefore affirmed.