G. P. EBERLE & CO. v. SCHMIDT OSBORNE STORAGE & TRANSFER CO.

(December 10, 1928. Opinion and Decree.)

Wm. A. Shaw, of New Orleans, attorney for plaintiff and appellant.

H. M. Ansley & S. S. Goldman, of New Orleans, attorneys for defendant and appellee.

DART, Judge ad hoc. Plaintiff, a public accountant, appeals from a judgment rejecting in part and allowing in part its demand against a partnership operating in New Orleans under the trade name Schmidt Osborne Storage & Transfer Company and against the persons alleged to be members of the same.

The suit was upon service contracts alleged to have been entered into in December, 1922, and January, 1923. It appears that the first citation issued in the case was addressed to the partnership and served upon Osborne, one of the partners. Issue was joined and after a trial resulted in a judgment against the partnership and against Osborne individually for $396.00. After a fruitless attempt to execute this judgment, plaintiff caused citation to run against Schmidt and Sbisa, the other alleged partners, who joined issue and after hearing there was judgment in favor of Schmidt dismissing the plaintiff's demand and in favor of plaintiff against Sbisa for $119.25 and in answer to the plaintiff's appeal from this judgment Sbisa asks that the same be affirmed.

We are not concerned in the judgment against the partnership and Osborne as that has become res judicata, nor are we concerned in that part of plaintiff's appeal which sought to reverse the judgment against Schmidt, for it is admitted he has died since the appeal was taken and his succession and/or the legal representatives of the same have not been made party as provided by the rules of this court.

Turning to the case against Sbisa it was conceded at the bar during argument that the only question before us is whether the partnership was a commercial or an ordinary one and if the latter, the judgment is correct and must be affirmed.

The evidence shows that the partnership, operating only in New Orleans, was engaged solely in the transfer and storage of movable property for hire through the medium of automobile trucks into the warehouse of the partnership or by delivery to railroads or other transportation facilities in which the partnership was not interested and in which it had no participation. It is also admitted that sales were occasionally made of the effects on storage for the sole purpose of collecting storage charges thereon, which sales were made under the authority of Act 85 of 1894 as amended.

Other questions agitated and decided below related to the fact that Sbisa only became a member of the partnership after the December, 1922, bill was incurred, and under the case as it is presented to us these problems are no longer at issue, but if they are still active we find the proof clearly establishes that Sbisa is involved only in the item of indebtedness incurred after his entry into the firm in January, 1923, and is therefore responsible only on that item, and his answer to this appeal leaves for our decision the legal question

as to the extent of his liability upon the whole of this admitted debt of the partnership.

The Civil Code, Article 2825, provides:

"Commercial partnerships are such as are formed;
"1st. For the purchase of any personal property and the sale thereof either in the same state or changed by manufacture.
"2nd. For buying or selling any personal property whatsoever as factors or brokers.
"3rd. For carrying personal property for hire in *ships or other vessels.*"

The facts as we find them established by the testimony, do not bring the operation of the partnership within the definition of commercial partnerships as set out in Article 2825, and the lower judge reached a like conclusion. The uniform construction of the third paragraph of that article is to the effect that a partnership of this character is an ordinary one and the members of the same are bound only for their virile shares of the debts of the same and not solidarily as in the case of commercial partnerships.

Chaffe vs. Ludeling, 27 La. Ann. 607;

Beauregard vs. Case, 91 U. S. 141, 23 L. Ed. 263.

An earnest argument buttressed by much learning has been made by appellant to induce us to construe the words "ships and other vessels," as illustrative and not exclusive, but that would be to substitute new words for the existing words of the statute, and in short to change its meaning entirely. This is not within our province and the appeal should be made to the legislature where the power is alone lodged to change this ancient statute and the uniform judicial construction of the same in Louisiana.

For the reasons assigned, the judgment appealed from is affirmed.