No. 3754

Second Circuit

INDEPENDENCE INDEMNITY CO. v. CARMICAL & WOODRING ET AL.

(March 24, 1930. Opinion and Decree.)

Roberts & Naff, Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, attorneys for plaintiff, appellee.

Harry V. Booth, of Shreveport, attorney for defendants, appellants.

WEBB, J. Strubbe McConnell, a building contractor, was constructing a building, and two of his workmen were making an excavation for the foundation of the building, and loading the dirt from the excavation into a motortruck which had backed in and parked next to the excavation. The truck had been sent to the premises on instructions from McConnell in charge of a driver in the employment of defendant, Carmical & Woodring, a partnership engaged in the business of leasing trucks and furnishing drivers to operate them to contractors to be used by them in connection with their work, and the driver who parked the truck had left it in reverse gear, and, after the truck had been loaded, the driver cranked the motor and the truck backed into and injured the workmen who had loaded it, and compensation was paid them by the plaintiff, Independence Indemnity Company, the insurance carrier of McConnell.

The present suit was instituted by the insurer against the partnership and the individual members of it, S. E. Carmical and C. C. Woodring, to recover judgment against them in solido for the amount of compensation paid by the insurer to the injured workmen under its contract with McConnell, and defendants appeal from a judgment against them.

The action is based upon the provisions of article 2315 of the Civil Code, which gives a right of action to any one injured through the fault of another, and article 2320 of the Civil Code, which declares that masters and employers are answerable for damage occasioned by their servants and overseers in the exercise of the functions for which they are employed, and there is not any question raised as to the right of the insurer to exercise the rights of the injured employees against the person or persons responsible for their injury, to the extent of the amount of compensation paid the employees (London Guarantee & Accident Ins. Co. vs. V., S. & P. Ry. Co., 153 La. 287, 95 So. 771), and the defences urged by the defendants in the trial court were that the driver of the truck (who is conceded to have been negligent) was not, at the time of the accident, in the employment of the partnership but in the employment of McConnell, and that the partnership could not be held liable, under the provisions of article 2320 of the Civil Code, for the negligence of the driver; and, further, that in event it should be held the driver was in the employment of the partnership at the time of the accident, that Strubbe McConnell had been

guilty of negligence which had contributed to the accident, and plaintiff, claiming through McConnell, could not recover; and, last that the partnership was not a commercial partnership and the members of the partnership could not be held liable in solido with the partnership.

The defense that the partnership was not responsible for the negligence of the driver of the truck is based upon many decisions from other jurisdictions where it is held that where one lets the use of an automobile or motortruck, and chauffeur, to another, the latter may, for the time being, be alone responsible for any damage resulting from the negligence of the driver.

Counsel concede that the rule can be applicable only where the general employer has released control of the employee or chauffeur, and the right of control is in the person who has the use of the automobile or motortruck and chauffeur, and that the question of the right to control the chauffeur is one of fact.

Or, as we understand it, it is not urged that the mere fact that the general employer, owner of the truck and employer of the chauffeur, lets the use of the truck and chauffeur to another raises any presumption that the general employer has released control of the chauffeur; or, in other words, that, in the instant case, the mere fact that the partnership let the use of the truck and driver to McConnell raised any presumption that the contractual relationship of employer and employee existing between the partnership and the driver was suspended, and a like relationship created between McConnell and the driver of the truck; but, on the contrary, it is conceded that the relationship between the partnership and the driver must be presumed to have continued with the consequent legal liability of the employer for the negligence of his employee, in the absence of proof that McConnell had control of the driver of the truck at the time of the accident. Labatt, Master & Servant, vol. 1, #53-54; Boroughf vs. Schmidt (Mo. App.) 259 S. W. 881; Billig vs. Southern Pac. Co., 189 Cal. 477, 209 P. 241; Standard Oil Co. vs. Anderson, 212 U. S. 215, 29 S. Ct. 252, 53 L. Ed. 480; Densby vs. Bartlett, 318 Ill. 616, 149 N. E. 591, 42 A. L. R. 1406, and note at 1416.

The evidence, as stated, established that the partnership was engaged in the business of hiring out trucks and furnishing drivers to operate them at the price of $1.50 per hour, and that the partnership had been accustomed to furnishing McConnell with trucks and drivers at the above-named rate, and that in the instant case the custom was followed, the truck and driver being furnished to remove dirt taken from the excavation from the premises, and apparently the sole fact upon which appellants base the contention that McConnell had control of the driver is that the driver had first parked the truck lengthwise next to the excavation and that, under the instructions of McConnell, the driver had removed the truck from that position and backed the truck and parked it with the rear end next to the excavation.

In the editorial note, following the report of the decision in Densby vs. Bartlett, supra, in 42 A. L. R. at page 1416 it is stated that "from an examination of the decisions touching the question under discussion, it is apparent that it is extremely difficult to establish that the hirer is responsible for the negligence of the chauffeur furnished with a hired car, particu-

larly if the owner happens to be engaged in the business of hiring out cars or trucks"; and considering that the partnership was engaged in the business of hiring out trucks and furnishing drivers to operate them, we do not think that the mere fact that McConnell instructed the driver where to park the truck so that it could be loaded established that the partnership released control of the driver or that the driver was under the control of McConnell. Boroughf vs. Schmidt, supra; Norwegian News Co. vs. Sinkovitch, 112 Misc. Rep. 141, 182 N. Y. S. 595; Thatcher vs. Pierce, 281 Pa. 16, 125 A. 302.

There was not any evidence of any agreement between McConnell and the partnership that McConnell should be responsible for the negligence of the driver, nor was there any evidence indicating that the driver of the truck was expected to do or that McConnell directed him to do any work which was without the scope of his employment with the partnership, or that McConnell interfered with the driver or directed him as to the manner of operating the truck, or that any action of McConnell's prevented the driver from properly operating the truck; and there was not any fact established which indicates that the relationship of employer and employee existing between the partnership and the driver of the truck was suspended, or that such a relationship was created between McConnell and the driver of the truck, or that the nature of the work in which McConnell was using the truck and driver was such as necessarily required that McConnell should have control of the driver of the truck.

Defendants do not suggest that the injured employees were guilty of any negligence; but, assuming that contributory negligence on the part of McConnell could affect the right of the injured employees or plaintiff to proceed against another whose negligence contributed to the accident, we do not think the evidence established that McConnell was guilty of any negligence. The fact upon which it is urged that McConnell was negligent is that the truck was parked under his instructions in such position that it could be backed into collision with the workmen; but it is not shown that it was unsafe to park the truck in that position unless the negligence of the driver should have been anticipated, which is not suggested.

There was not any evidence offered which tended to show that the partnership was formed for the purpose of buying or selling personal property, or carrying such property in ships or other vessels, or that the partnership was engaged in any such transactions, and we do not think the business of hauling materials for contractors, or hiring out trucks, placed the partnership in the class of commercial partnerships, within the meaning of article 2825 of the Civil Code (Eberle vs. Schmidt, etc., Co., 9 La. App. 378, 119 So. 442), and we think that the liability of the partners was joint and not in solido or joint and several.

It is therefore ordered that the judgment be amended, and that the plaintiff, Independence Indemnity Company, have judgment against the partnership of Carmical & Woodring for the sum of $348.41 with legal interest thereon from April 19, 1929, until paid, and against S. E. Carmical and C. C. Woodring, the members of the partnership, for said sum and interest, jointly; and, as amended, the judgment is affirmed. Plaintiff to pay cost of the appeal, and all other costs to be paid by defendants.