## Loper et ux. *v.* P. G. Publishing Company, Appellant.

Argued September 29, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John E. Evans, Jr.,* with him *Charles J. Margiotti* and *S. C. Pugliese,* for appellant.

*William H. Eckert,* with him *Smith, Buchanan, Scott & Gordon,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, November 27, 1933:

Appellees, who are husband and wife, each recovered a verdict and judgment for injuries which they sustained when the automobile in which they were riding was run into by another operated by B. H. Bentley. The only question we are asked to decide is whether or not defendant is liable for the negligence of Bentley.

In their statement of claim appellees aver, inter alia, that "At the same time [i. e., the time of the collision] one B. H. Bentley, an agent and employee of the defendant, P. G. Publishing Company, was driving an automobile southwardly upon said Jacob Street, upon the business of said defendant, P. G. Publishing Company, and within the scope of his, said B. H. Bentley's, authority and employment," and then and there negligently ran into appellees' car, causing the injury of which complaint is made.

No affidavit of defense having been filed, those averments were offered and admitted in evidence at the trial without objection. Under such circumstances they are conclusively determined to be true for the purposes of the trial: Section 13 of the Practice Act of 1915, P. L. 483, 485; Farbo v. Caskey, 272 Pa. 573; Gurdus v. Phila. Nat. Bank, 273 Pa. 110. Indeed, no countervailing evidence was offered, appellant contenting itself with testimony tending to show that the automobile being driven by Bentley, belonged to him personally and not to defendant (which, standing alone, is an immaterial matter: Lotz v. Hanlon, 217 Pa. 339, 341), without even offering to prove that it was not then being used with his, defendant's knowledge and consent, upon his business, and within the scope of Bentley's authority and employment. The question at issue then resolves itself into this: Is an employer liable for the negligent acts of his employee, if this results in injury to a nonnegligent third

party, while the employee is upon the business of the employer and within the scope of his, the employee's, authority and employment?

Unless the doctrine of respondeat superior is to be abolished, it is difficult to see how any other than an affirmative answer can be given to that question. In 2 Mechem on Agency (2d ed.) 1458, it is said: "It is sufficient to make the master responsible *civiliter*, if the wrongful act of the servant was committed in the business of the master, and *within the scope of his employment* and this, although the servant, in doing it, departed from the instructions of his master." In 1 Shearman & Redfield on the Law of Negligence (6th ed.), 347, it is said: "It is an old and thoroughly established doctrine that, where the relation of master and servant exists, the master is responsible to third persons for the damage caused by the wrongful acts or omissions of his servants, in the course of their employment as such." And again, page 357: "The test of the liability of a master for the torts of his servant is, *whether the latter was at the time acting within the scope of his authority,* and not whether the act was done in accordance with instructions." So, also, it is said in 2 Berry on Automobiles (6th ed.) 1073, and in note in 57 A. L. R. 739, 740.

The rule, as thus stated, finds expression in all our cases. See Farbo v. Caskey, supra; Lotz v. Hanlon, supra; Luckett v. Reighard, 248 Pa. 24; Scheel v. Shaw, 252 Pa. 451; Maloy v. Rosenbaum Co., 260 Pa. 466; Beatty v. Firestone Tire & Rubber Co., 263 Pa. 271, 274; Treon v. Shipman, 275 Pa. 246; Reed v. Bennett, 276 Pa. 107; Zondler v. Foster Manufacturing & Supply Co., 277 Pa. 98; Gojkovic v. Wageley, 278 Pa. 488, 490; Goater v. Klotz, 279 Pa. 392; Thatcher v. Pierce, 281 Pa. 16; Laubach v. Colley, 283 Pa. 366; Martin v. Lipschitz, 299 Pa. 211; Schroeder v. Gulf Refining Co. (No. 1), 300 Pa. 397, 402-3; Double v. Myers, 305 Pa. 266; Klein v. Klein, 311 Pa. 217; Blaker v. Phila. Electric Co., 60 Pa. Superior Ct. 56, 59; Skvore v. Hager, 93 Pa.

Superior Ct. 527, and Beaver v. George W. Boyd Co., 106 Pa. Superior Ct. 24. No case of ours varies therefrom, though appellant claims, and this appears to be its principal contention, that Wesolowski v. John Hancock Life Ins. Co., 308 Pa. 117, leads to an opposite conclusion. A comparison of the pertinent averments of the two statements of claim will show, however, that this contention is erroneous:

| The Instant Case. | The Wesolowski Case. |
|---|---|
| "At the same time one B. H. Bentley, an agent and employee of the defendant, P. G. Publishing Company, was driving an automobile......upon the business of said defendant .....and within the scope of his, said B. H. Bentley's, authority and employment." | "The said servant, agent or employee of defendant, at the time of the occurrence hereinafter more fully set forth, was operating said automobile in and about the course of his duties as a servant, agent or employee of defendant." |

If it be assumed that the averment in the Wesolowski Case that the servant "was operating said automobile in and about the course of his duties as a servant, agent or employee of defendant" is substantially equivalent to the statement in the instant case that Bentley "was driving an automobile......upon the business of said defendant," there remains in this case the averment, nowhere appearing there, that he was driving the automobile "within the scope of his, said B. H. Bentley's authority and employment," and this, as we have already shown, is the vital matter in this class of cases.

To avoid future misapprehension we now declare the law to be that a master is responsible to one who has been injured, without contributory negligence on his part, because of the negligence of a servant, while engaged in that master's business and within the scope of his employment by the master, but to such an one only.

Each of the judgments of the court below is affirmed.