Davis *v.* Pitt Publishing Company, Appellant.

Argued October 6, 1936. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

450

*Charles F. Patterson,* of *Patterson & Sherrard,* for appellant.

*A. M. Oliver,* of *Dipple & Oliver,* with him *David B. Pitler,* for appellee.

OPINION BY MR. JUSTICE LINN, November 23, 1936:

Defendant's motion for judgment n. o. v. should have been granted. Plaintiff was struck by an automobile owned and driven by J. A. Jardine shortly before nine o'clock in the morning on a public highway in what is called the North Side of the City of Pittsburgh. Jardine lived on the North Side and was employed by the defendant on the South Side, the Allegheny River separating the two Sides. Defendant publishes a newspaper. Jardine was a branch manager for defendant with duties involving the distribution of newspapers to carriers in a certain district on the South Side. He used his car, described as a "Chevy Coach" to travel to and from his place of employment and also in going about in the district in which he was branch manager. His work did not begin until he reached his place of employment. Defendant paid him $15.00 a week to defray the "expenses for the operation of that car." On the morning of the accident he was traveling from his home to the place of his employment, a distance of several miles. He was on his way to attend what the evidence calls, without describing, a "Pep meeting." The car contained no markings to indicate that it was used in and about defendant's business though, when the accident took place, there were some copies of the newspaper in the car; in

the circumstances, we regard that fact as immaterial: *Deater v. Penn Mach. Co.*, 311 Pa. 291, 166 A. 846.

The question is whether the relation in which Jardine stood to the defendant at the time of the accident renders the defendant liable. It is to be observed that he had not yet reached either defendant's place of business or the district in which his work would be done; the time for him to go on duty had not arrived. The car was his and not defendant's. It was not being used in and about the defendant's business at the time. There is nothing to indicate that defendant had, or exercised, any control whatever either over Jardine or over the car at the time. Jardine was then his own master. In such circumstances defendant is not responsible for Jardine's negligence: *Wesolowski v. Hancock Ins. Co.*, 308 Pa. 117, 162 A. 166; *Roberts v. Scott Bros.*, 315 Pa. 341, 172 A. 681.*

Plaintiff was not injured, as was said in *Loper v. Publishing Co.*, 312 Pa. 580, 583, 169 A. 374, "while [the servant was] engaged in that master's business and within the scope of his employment by the master." Nor does his evidence show, as plaintiff's did in *Cusick v. Hutchinson*, 318 Pa. 316, 177 A. 749, that the particular trip had been authorized and was controlled by the defendant or someone authorized to direct the work. The same conclusion is required if Jardine's relation to his employer is considered in the light of the Workmen's Compensation cases holding that an employee going to or returning from work out of hours is, in virtue of that fact alone, not regarded as in the course of his employment: *Palko v. Taylor-McCoy Coal & Coke Co.*, 289 Pa. 401, 405, 137 A. 625; *Bossard v. Nallin et al.*, 93 Pa. Superior Ct. 301.

Judgment reversed and here entered for defendant.

---

* For a collection of cases see Note 87 A. L. R., p. 787.