## Morris et ux. *v.* Ward et al., Appellants.

Argued May 25, 1942. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John H. Sorg,* for appellants.

*H. E. McCamey,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, June 29, 1942:

This case presents the same general situation as *Sinclair v. Perma-Maid Co., Inc.,* 345 Pa. 280, an injury to plaintiffs caused by the negligent operation of an automobile owned and driven by a salesman of defendants. In the case mentioned we allowed recovery, because the use

of the car, by the agent, at the time and place of the negligent act was of *vital* importance in furthering the business of the principal. No such circumstance is presented on this record.

The relation of Bassett, who died before trial, the owner and driver of the automobile to defendants, was that of an agent who sold pig iron for them on commission. Bassett was not paid a salary or anything on account of his expenses. He brought to them orders for pig iron which he had solicited and obtained from users of it. In getting the orders he did not follow their directions but acted on his own initiative. Nothing was said by defendants to him about his having an automobile or in using one to obtain orders. How he should transport himself was no concern of theirs. There is no evidence from which an inference can properly be drawn that his automobile was of vital importance in furthering their business, indeed so far as they were concerned, it was of no importance at all. From their standpoint, he could have reached his customers by any means of locomotion which he might care to use. As stated by the trial judge, he was a "free lance" agent. He was selling solely on commission and acting on his own account, without control, indeed without suggestion from defendants as to how he should get about. It is not contended, indeed it could not be under the testimony, that the automobile was under defendants' actual or potential control at the time of the accident.

When the collision took place in which plaintiffs were injured, Bassett was driving his automobile from Pittsburgh to Follansbee, West Virginia, to see a customer to whom he had sold pig iron and who had asked that shipments be deferred for a short time. The evidence indicates that he was not going at defendants' direction, but on his own initiative. It does not appear what his purpose was in going. He did not have to go by automobile but could just as well have gone by bus.

It is argued by appellee that Bassett was a general agent of defendants, apparently because he carried on

correspondence in their name with those from whom he obtained orders and signed sales agreements with them. The testimony shows beyond question that he was simply an agent receiving a commission from defendants on orders which he brought to them.

Plaintiffs argue that the case is ruled by *Cusik v. Hutchison,* 318 Pa. 316, 177 A. 749. Clearly it is not. There the automobile which caused the accident was being used on a matter of vital importance in furthering the defendants' business at the express direction of the foreman in charge of the work.

It is not necessary to restate the law under the facts here presented. We have outlined it in the preceding case. It is sufficient to say that the words *"vital* importance in furthering the business" of the employer, which were meaningly used in *Wesolowski v. John Hancock Mutual Life Ins. Co.,* 308 Pa. 117, 162 A. 166, are the touchstone controlling cases of this character. Unless the automobile was under the defendants' actual or potential control at the time and place of the accident or the use of it by the agent was of vital importance to his principal in furthering his business, no liability for the agent's negligence is created.

Judgments of the Superior Court and of the County Court reversed and judgments entered for defendants.