Jacqueline **DITTENHOFFER**, by her guardian, **Bernard Dittenhoffer** and **Bernard Dittenhoffer, Individually**

v.

The **AIRES COMPANY**, a corporation, and **Michael Sheffler**.

**Civ. A. No. 37555.**

United States District Court
E. D. Pennsylvania.
March 18, 1968.

Philip G. Auerbach, Drazin, Warshaw, Auerbach & Rudnick, Red Bank, N. J., Howard I. Hatoff, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for plaintiffs.

White & Williams, J. Paul Erwin, J., Philadelphia, Pa., for defendant, The Aires Company.

## OPINION

KRAFT, District Judge.

In this motor vehicle case the corporate defendant, The Aires Company, has moved for summary judgment on the ground that there is no genuine issue as to any material fact relating to the lack of an agency or master-servant relationship between it and the individual defendant, Michael Sheffler.

The record discloses the following uncontroverted facts:

1. the accident occurred about 5:00 p. m. on Saturday, September 12, 1964, at the intersection of Vernon Road and Crittenden Street, Philadelphia, Pa.;

2. Michael Sheffler, then sixteen years of age, was driving a 1964 Thunderbird passenger automobile on his own personal business to visit his girl friend;

3. the 1964 Thunderbird was owned by The Aires Company. It bore no commercial legend, decals or other indicia of ownership on its body;

4. Michael Sheffler, on the date of the accident, was not, and had never been, an employee of The Aires Company.

Mere ownership by a corporation of an ordinary, unmarked passenger motor vehicle, as distinguished from a business or commercial vehicle, does not give rise to a (rebuttable) presumption that the car was being used in the owner's business at the time of the accident. Deater v. Penn Machine Co., 311 Pa. 291, 293, 166 A. 846 (1933); Double et ux. v. Myers, 305 Pa. 266, 157 A. 610 (1931); see Davis v. Pitt Publishing Co., 324 Pa.

449, 450, 451, 188 A. 291 (1936) (no markings to indicate car was used in defendant's business). "There is a distinction between pleasure cars and business trucks as to the quality of proof required to establish liability." Thatcher v. Pierce, 281 Pa. 16, 18, 125 A. 302 (1924).

"In this respect there is a distinction between pleasure cars and business trucks. The former are not designed primarily for use in connection with the business of the owner and usually bear no outward evidence of ownership or use to which they are being put. They may be driven by the owner for his pleasure, but frequently are driven by members of the family or friends or employees of the owner for the individual benefit or pleasure. The fact of ownership therefore affords but little assistance in ascertaining the purpose for which the car was being driven on a given occasion. *Hence we have in such cases applied the rule that the mere fact that defendant was owner of a car which caused an injury furnishes no foundation for his liability.*" (cases cited) (emphasis ours) Seiber v. Russ Bros. Ice Cream Co., 276 Pa. 340, 344, 120 A. 272, 273 (1923).

On this motion for summary judgment the plaintiff has offered nothing to contravene the corporate defendant's clear, convincing proofs that its vehicle was being operated solely on the personal pleasure of the minor defendant.

Plaintiff seeks to invoke the "procedural technique designed for trial convenience", which flows from the rebuttable presumption recognized by Pennsylvania courts when a *business* or *commercial* vehicle is involved. Waters v. New Amsterdam Cas. Co., 393 Pa. 247, 251, 252, 144 A.2d 354, 356 (1958).

We are persuaded that the plaintiff simply desires to keep the corporate defendant in the case to avail himself of the advantage of any effect the presence of a solvent corporate defendant might have upon jurors' minds.

Under Rule 56, which was designed to remove from litigation matters which involve no genuine or material issue of fact, we conclude that the corporate defendant is entitled to summary judgment as a matter of law. Steven v. Roscoe Turner Aeronautical Corp., 324 F.2d 157, 7 A.L.R.3d 1332 (7 Cir. 1963).