## Heinrich et al., Appellants, *v.* Pictorial Review Co., Inc.

Argued May 18, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Hugh P. McFadden,* with him *Gerald F. Flood,* for appellants.

*Edward J. Fox, Jr.,* of *Fox and Fox,* for appellee.

PER CURIAM, June 25, 1937:

Appellants were injured by the negligent operation of an automobile driven by appellee's crew manager, Kartman. The car was not his, but was used by him to transport his crew from place to place soliciting subscriptions for appellee. Appellee knew of, but had not authorized the use of the automobile, nor hired it. The agent's territory embraced Pennsylvania, southern New Jersey and Delaware. Kartman was paid a salary and commission with no allowance for the traveling expenses of himself and his crew. The details of his employment were left to him. He was not required to follow a definite route, and the place and time of his operations throughout his territory were of no concern to his principal. It is conceded that at the time of the injury to appellants, Kartman was an agent of appellee and was engaged in furthering appellee's business. From judgment n. o. v. for defendant, plaintiff appeals.

The facts in *Wesolowski v. John Hancock Mutual Life Insurance Co.,* 308 Pa. 117, are basically similar to those here presented, and the reasoning there employed is equally applicable to the present case. Ownership of

the car is not the determining factor of liability, although it may be of evidentiary value. The fact that the employer was aware that the instrumentality was used in its business is not sufficient to establish an implication that the use was authorized, nor can it be said that the nature of the employment, soliciting business, was such that it was necessary for Kartman to carry it out in this manner. It was a matter of complete indifference to the employer how the agent transported himself and his crew from one locality to another. The length of time consumed in traveling from place to place was not determined by his employer; the length of his stay in each locality was entirely within his discretion, as were the distances to be covered by him each day. The cases relied upon by appellant are distinguishable on their facts from the present case.

Judgment affirmed.