### RANKIN et ux. v. ROYAL MFG. CO.
### No. 8866.

District Court, W. D. Pennsylvania.
Nov. 15, 1938.

O. K. Eaton, of Pittsburgh, Pa., for plaintiffs.

Geo. Y. Meyer, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action in trespass by plaintiffs to recover damages for the death of their minor daughter when she was struck by an automobile operated by Charles S. Sinclair, a traveling salesman working for the defendants on a commission-basis.

At the trial, the defendant requested the court to charge the jury that "under all the evidence, the law, and the pleadings, your verdict must be for the defendant." I reserved this point for future consideration, and submitted the case to the jury, with the result that verdict was rendered in favor of the plaintiffs in the sum of $1,000. The case was then set down for argument on defendant's motion for judgment on the reserved point.

We have reviewed the evidence, and are of the opinion that the defendant did not have such control, actual or potential, over the driver and the automobile as to make the defendant liable for his negligence. All the testimony with reference to the ownership and control over the automobile and its driver comes from Charles S. Sinclair, the driver, called for the plaintiffs, and Martin Kovacs, an officer of the defendant company, called for the defendant.

Sinclair testified he was employed as a salesman of drugs by the Royal Manufacturing Company, and had been for a period of seven years; that his territory comprised Western Pennsylvania, West Virginia, Virginia, North Carolina and South Carolina; that at the time of the accident, he was en route to Greensburg, Pennsylvania, to see a customer whom he had missed on his previous visit to Greensburg that same day; that the automobile was his own; that his wife accompanied him at the time of the accident and frequently accompanied him throughout his territory; that he usually traveled throughout his territory by automobile and occa-

sionally by train; that his immediate superior in the defendant company was Martin Kovacs; that Kovacs was in a general way familiar with his ownership of the automobile and knew he used it in covering his territory; that he worked on a commission basis with a guaranteed salary, later described as a drawing account; that the defendant gave no instructions as to what trade he was to call upon, but that he was expected to cover his territory about every sixty days; that when he was originally employed, he was asked if he owned an automobile, and he said he did; that the defendant had no interest in the car, that he used it both for business and pleasure; that he received no compensation or allowance for his automobile; and that the only payments received by him from the defendant were his commissions, that he had no allowance from the defendant for repairs to the automobile, and that the defendant had nothing to do with it, nor did the defendant pay the expense of gasoline or oil. Sinclair said he reported to the defendant every Saturday unless he was out of town, and that was the only time he went to the defendant's place of business. He testified that the defendant exercised no control over his movements, and only gave him to understand he was to cover his territory in about sixty days; that the defendant had nothing to do with the routes he followed, and never told him which way to go.

Martin Kovacs, called as a witness for the defendant, testified he was treasurer and sales-manager of the defendant company; that the company had no interest in Sinclair's car and had nothing to do with the upkeep of the automobile, and did not require Sinclair to use an automobile; that some salesmen for similar territories have cars, others do not; that the method of transportation was of no concern to the defendant.

Under this evidence, we are clearly of the opinion that the plaintiffs cannot recover. The Pennsylvania Supreme Court has held there can be no recovery in circumstances such as shown by the evidence in this case. They have held there can be recovery only if the driver stands in such a relation to the alleged principal that the principal has actual or legal control of the operation of the automobile at the time of the accident. Otherwise, the driver is in the position of an independent contractor.

Barr v. Anchorage Inn, 328 Pa. 378, 196 A. 21; Heinrich v. Pictorial Review Co., 326 Pa. 470, 192 A. 645.

Our conclusion is that judgment must be entered for the defendant on the point reserved. Let an order be submitted accordingly.