Gittelman, Appellant, v. Hoover Company.

Argued November 30, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*I. Jerome Stern,* for appellant.

*J. B. H. Carter,* with him *Guy W. Rogers, Jr.,* for appellee.

OPINION BY MR. JUSTICE STERN, January 2, 1940:

Defendant corporation is engaged in the sale of vacuum cleaners and maintains branch offices in several cities in this and adjoining states. James H. Hoberdier was employed as its office manager in Philadelphia, his principal duty being that of sales promotion, which required that he travel in the surrounding territory and occasionally to the other branch offices. Whenever he went out of town on defendant's business it reimbursed him for his expenses, whatever they were,

irrespective of the manner in which he chose to travel, the means of transportation he selected being a matter of indifference to defendant. He had an automobile of his own, and used it in connection with his duties about fifty per cent of the time, but without any instructions from defendant as to such use. His hours of work at the office started at eight o'clock in the morning and there was no definite quitting hour. In the early evening of April 21, 1936, he drove his automobile to a restaurant two blocks from the office, and parked it while eating his dinner. When he left the restaurant it was with the intention of returning to the office, picking up some papers there (the nature and purpose of which were not explained in the testimony), and then proceeding to West Chester to visit one of defendant's dealers. As he started to drive away from the restaurant, his car struck plaintiff and the latter brought the present suit for damages. The court below entered a nonsuit on the ground that Hoberdier was not acting within the scope of his employment and in furtherance of defendant's business at the time of the accident.

In its general aspects this case is governed by the decisions in *Wesolowski v. Hancock Insurance Co.*, 308 Pa. 117; *Heinrich v. Pictorial Review Company, Inc.*, 326 Pa. 470, and *Holdsworth v. Pennsylvania Power & Light Co.*, 337 Pa. 235. If, in the course of his work, an employe travels as a passenger in a train, trolley car or taxicab, he does not expose his employer to the risk of financial responsibility for accidents to other persons, and if the employe, merely for his own convenience, chooses to transport himself in his own automobile, his employer, who has not hired him to drive a car, should not be subjected to such potential liability. Therefore, unless the employee is *directed* by the employer to use his car for the purpose of traveling from place to place, or unless the circumstances are such that it is reasonably *necessary* for him so to travel instead of by train or other common carrier, the use

of the car is not within the scope of the employment and the employer is not liable for injuries occasioned thereby to third persons.

. In any event, defendant could not be held liable for plaintiff's injuries in this particular instance because Hoberdier, in going to and from his dinner, was not, at the time of the accident, engaged upon defendant's business, but was on a mission of his own: *Boal v. State Workmen's Insurance Fund*, 127 Pa. Superior Ct. 237, 241. Plaintiff apparently concedes that if the accident had occurred on Hoberdier's way to the restaurant, defendant would not be responsible, but argues that at the moment Hoberdier left the restaurant, intending to stop at his office for papers and then go on to West Chester, he brought himself back into the course of his employment. The law in this State is to the contrary: *Solomon v. Commonwealth Trust Company of Pittsburgh*, 256 Pa. 55; *Martin v. Lipschitz*, 299 Pa. 211, 216; see also *Green v. Western Union Telegraph Co.*, 58 S. W. (2d) 772 (Mo.). It would seem obvious that if Hoberdier had chosen to go to a restaurant *several miles* from the office and had injured someone on the way back, defendant should not be held liable for an accident in the course of such a journey, the purpose of which was purely personal to the employe and in which defendant had no interest whatever; that the distance was only two blocks is a difference in degree but not in principle. Using his car to go to the office after eating his dinner at the restaurant was the same as driving his car in the morning to go from his home to the office; in either case he would not be in the course of his employment until he actually reached the office and started upon the duties of his employer's business.

Judgment affirmed.