## Koscelek, Appellant, *v.* Lucas et al.

Argued April 20, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Alexander J. Bielski,* with him *Max U. Applebaum,* for appellant.

*Francis J. O'Connor,* Assistant County Solicitor, with him *John J. O'Connell,* County Solicitor, for County of Allegheny, appellee.

OPINION BY ROSS, J., July 19, 1945:

This is an appeal by the plaintiff from the action of the Court of Common Pleas of Allegheny County in granting judgment n. o. v. and final judgment in favor of the County of Allegheny in a trespass action for personal injuries after a jury's verdict for the plaintiff and

against John Lucas and the County of Allegheny defendants.

The defendant John Lucas was a County police officer assigned to duty as a patrolman at the Liberty Tubes, Pittsburgh, his hours of service being from 4 P.M. to midnight. On May 29, 1941, he left his work at 12:30 A.M. after completing his tour of duty and shortly after 2:30 was proceeding to his home in Munhall, Allegheny County, driving his privately owned automobile along the River Road in the City of Pittsburgh, when he passed two stationary automobiles and a group of people engaged in conversation. Some 150 feet beyond them he came to a stop and then backed his car, with the intention of making inquiry as to what if anything had occurred, and in doing so ran into the plaintiff and caused the injuries complained of.

Except where a right to recover is expressly given by Act of Assembly, no suit lies against municipalities for negligence of their police or fire departments. *Scibilia v. Philadelphia*, 279 Pa. 549, 124 A. 273. The Act of May 1, 1929, P. L. 905, section 619, as amended, 75 PS section 212, which provides: "Every county . . . employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle . . . upon a highway in the course of their employment . . .", takes from a municipality its preëxisting common law immunity from liability for its negligent acts. *Bagley et al., v. Philadelphia*, 148 Pa. Superior Ct. 318, 25 A. 2d 579. For the appellant in this case to impose liability on the County he must bring himself within the provisions of this Act and show that John Lucas at the time of the accident was operating his motor vehicle *in the course of his employment* with the County of Allegheny. This he failed to do.

The motor vehicle that caused the injury was owned by the employee, Lucas, and its use was neither authorized by nor under the control of the County. In Re-

statement of the Law, Agency, section 239, the test of liability is as follows: "A master is not liable for injuries caused by the negligence of a servant in the use of an instrumentality . . . over the use of which it is understood that the master is to have no right of control. . . . The fact that the instrumentality used by the servant is not owned by the master is a fact which may indicate that the use of the instrumentality is not authorized, or if authorized, that its use is not within the scope of employment. The master may authorize the use of a particular instrumentality without assuming control over its use as a master. The fact that he does not own it or has not rented it upon such terms that he can direct the manner in which it may be used indicates that the servant is to have a free hand in its use. If so, its control by the servant, although upon his master's business, is not within the scope of his employment ......"

Appellant contends that as a police officer, Lucas was in effect "on duty" twenty-four hours a day and that he had the right and was under obligation to investigate a supposed accident and render assistance even when not on actual duty. If we assume, without deciding, that contention to be sound, the County still would not be liable under the facts in this case. To hold a master legally responsible for the act of a servant who is engaged in furthering his master's business and who, while doing so negligently uses some instrumentality that carries him from place to place, it must either be proved that the master exercises actual or potential control over that instrumentality, or the use of the instrumentality at the time and place of the act complained of must be of such vital importance in furthering the business of the master that the latter's actual or potential control of it at that time and place may be reasonably inferred. *Wesolowski v. Hancock Insurance Company,* 308 Pa. 117, 162 A. 166; *Heinrich v. Pictoral Review Company,* 326 Pa. 470, 192 A. 645. If, in the course of his work, an employee merely for his own convenience

chooses to transport himself in his own automobile, his employer, who has not hired him to drive a car, should not be subjected to such potential liability. Therefore, unless the employee is directed by the employer to use his car for the purpose of travelling from place to place, or unless circumstances are such that it is reasonably necessary for him so to travel instead of by train or other common carrier, the use of the car is not within the scope of the employment and the employer is not liable for injuries occasioned thereby to third persons. *Gittelman v. The Hoover Company,* 337 Pa. 242, 10 A. 2d 411. Responsibility is commensurate with authority. Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it. *Rodgers v. Sexton,* 305 Pa. 479, 158 A. 166.

The provision of the Act of May 1, 1929, supra, is in derogation of the common law and under the strict construction called for, the County of Allegheny is not answerable to the plaintiff. To hold otherwise would be to place a higher degree of responsibility upon a political subdivision of the state than is placed upon an individual or a private corporation in connection with the operation of motor vehicles in charge of and under the control of their servants or agents, and that was not the intention of the Legislature.

The appellant advances the theory that a police officer in the performance of his duties is neither a servant nor agent, but acts as principal and that the relationship of principal and agent or master and servant is lacking between a municipality or political subdivision and its police officer. If Lucas were not an employee of the County of Allegheny, the Act of May 1, 1929, supra, would not apply, and it would be necessary for the appellant to point to some other statute that would fix liability on a municipality under the facts in this case. This he failed to do, and we know of none.

Judgment is affirmed.