Belles *v.* Mallory, Appellant.

Argued November 16, 1951. Before DREW, C. J., STERN, STEARNE, BELL, LADNER and CHIDSEY, JJ.

*W. D. Gallup,* with him *E. G. Potter,* and *Gallup, Potter & Gallup,* for appellants.

*R. T. Mutzabaugh,* with him *Nash & Mutzabaugh,* for appellees.

OPINION BY MR. CHIEF JUSTICE DREW, January 7, 1952:

Belle Belles was injured when the car in which she was riding was struck by a car owned and operated by Ray Cain. She and her husband brought suit against L. E. Mallory & Son, Cain's employer, and Cain, to recover for the injuries to wife-plaintiff and the damage to their automobile. A verdict was rendered in favor of plaintiffs and motions for judgment n.o.v. and new trial filed by Mallory were refused. From the judgment entered on the verdict, Mallory has appealed, raising only the question of the denial of judgment n.o.v.

Cain had been employed by Mallory for eight years as a pumper on its properties and, at the time of the accident, was admittedly engaged in the duties of his employment. The only question now before us is whether Mallory is, as a consequence, liable for the injuries plaintiff suffered as a result of Cain's negligence. This in turn depends on whether Cain has implied authority to use his car for this work.

On the morning of the accident Cain had driven his automobile near a well he was to service and pump. Discovering the well line needed repairing, he used his car to go to a tool house some 1200 to 1500 feet away in order to pick up some parts and tools weighing approximately 25 pounds. The accident occurred as he turned his car out into plaintiff's traffic lane.

At the trial it was undisputed that Cain was the owner of the car he was operating; that he drove his

car daily from his home to the oil lease; that he drove it once a week to some wells on the leased properties which were five or seven miles apart; that he drove it from time to time, as on the morning of the accident, for comparatively short distances on the lease; that he occasionally drove it to Bradford at the direction of his employer; that his foreman had knowledge of his using his car in driving back and forth between the wells; that none of the driving, with the exception of trips to Bradford, was at the express direction of the employer; that the employer paid for the gas used on some of these trips to Bradford but not at other times. It is also admitted that Cain was furthering the business of his employer when he started for the tool house but Mallory denies that the use of the automobile for this purpose was so necessary to the carrying on of its business as to warrant a jury finding that it, as employer, was liable for Cain's negligence.

In *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A. 2d 73, this Court held that, in order to hold the employer legally responsible, it was necessary to prove that: ". . . the use of the instrumentality at the time and place of the act complained of must be of such vital importance in furthering the business of the master that the latter's actual or potential control of it at that time and place may reasonably be inferred." Mr. Justice STERN speaking for the Court, added (at p. 27) that: ". . . the test of 'vital importance' or 'reasonable necessity'—is that, if an employe uses his automobile in furtherance of his employer's business but primarily for his own convenience, such use being therefore a matter of indifference to the employer, the latter is not legally responsible for the operation of the car and consequently is not liable in damages to a person injured thereby; on the other hand an employer cannot evade liability—if the automobile is a necessary instrumentality for the effective conduct of

his business—merely because it is the employe who himself owns, maintains and operates the vehicle."

In order to service the pumps on the premises Cain was obliged to carry tools from the tool shed to the several pump positions which were located as far away from the tool house as 7 miles. This he had to do either on foot or in his own car since no other means of transportation was readily available to him and it is obvious that, if he were to perform his job properly, it was necessary for Cain, on many occasions, to use his automobile. Whether it was also necessary that he do so in going from the pump he was servicing at the time of the accident, to the tool house and back, we are convinced was a question for the jury. It could well find that there was a need for a speedy repair to the defective mechanism and that, because of the time required to make the trip of approximately a half-mile, the unevenness of the terrain, the weight and number of the parts and the tools carried, that it was reasonably necessary for the furtherance of Mallory's business, that Cain use his car to make the trip. Furthermore, from the evidence that it had been the practice of Cain to use his car to drive comparatively short distances on the leased property throughout the eight-year period he had worked for Mallory, the jury could conclude that Mallory had knowledge of this and believed it essential as a means of expediting its business.

The learned trial court charged the jury fully and accurately on the law relating to the question of agency and the meaning of the phrase "reasonable necessity" and its finding that Cain was acting within the scope of his authority when the collision occurred is adequately supported by the evidence. The lower court therefore properly refused defendants', Mallorys, motion for judgment n.o.v.

Judgment affirmed.