Argued April 10, affirmed June 4, 1958

# WEATHERS *v.* BOND
### 326 P. 2d 114

*Laurence Morley* argued the cause for appellant. On the brief were Morley & Thomas, Lebanon, and Weatherford & Thompson, Albany.

*Bruce Spaulding* argued the cause for respondent. On the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

Before PERRY, Chief Justice, and LUSK, WARNER and SLOAN, Justices.

PER CURIAM.

This is an action for damages for alleged personal injuries growing out of an automobile accident. The sole question to be determined is the agency, if any, existing between the defendant David A. Bond and the defendant National Benefit Insurance Company and if, at the time of the accident, the defendant Bond was acting within the course of his employment. The defendant Bond posed no defense and a default judgment was entered as to him.

The defendant National Benefit Insurance Company moved for a directed verdict "* * * for the reason there is no evidence in the record from which the jury could draw an inference that said defendant was in any way connected with the happening of this accident or had any control or right of control over Mr. Bond at the time of the accident." The court indicated this motion would be allowed. However, plaintiff moved the court "* * * to nevertheless submit the case to the jury as to the liability of the National Benefit Insurance Company and determine the damages, with leave, of course, to the Defendant National Benefit Insurance Company to move, after verdict is rendered, for a directed verdict in its favor, in the event the Plaintiff prevails." This motion was allowed.

The question was submitted to the jury by the trial court with instructions as favorable to plaintiff's cause as he could hope for. The jury returned its verdict

for the defendant National Benefit Insurance Company.

For his first assignment plaintiff contends that the court erred in allowing the motion for directed verdict. The question is actually not before us. The court never allowed the motion but allowed the plaintiff's motion to submit the issue to the jury. The jury's verdict resolved the question. *Tomasek v. Oregon Highway Com'n.*, 196 Or 120, 248 P2d 703. Nevertheless, the court has examined the record and authorities in support of this assignment. We believe the order allowing the directed verdict should have been granted. The court was justified in concluding that at the time of the accident Bond was driving his own car from his place of abode to his place of work over a route and in a manner of his own choosing without any control or right to control his actions at that time. *Hantke v. Harris Ice Machine Works*, 152 Or 564, 54 P2d 293.

The plaintiff also asserts error for the failure to give certain requested instructions. With commendable frankness, however, he concedes that these assignments are without merit if, in fact, the motion for directed verdict should have been sustained. Finding so, it is unnecessary to consider these assignments.

Affirmed.