## Klovacs, Appellant, v. Bethlehem's Globe Publishing Co.

Argued April 29, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Philip J. Gahagan,* for appellant.

*Andrew L. Herster, Jr.,* with him *Gross & Herster,* and *McFadden, Riskin & Williams,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 1, 1964:
Plaintiff-appellant appealed from the Judgment of nonsuit. Plaintiff, Louis Klovacs, a police officer of the City of Bethlehem, instituted an action in trespass against defendants, The Bethlehem's Globe Publishing Company,* and John P. McLaughlin, to recover damages for personal injuries arising out of a collision between an automobile owned and driven by McLaughlin and a cruiser car owned by the City of Bethlehem. The jury brought in a verdict of $31,000 against defendant McLaughlin, who was guilty of gross negligence, but a *compulsory nonsuit* was entered in favor of Publishing Co. by the trial Judge which the Court en banc refused to take off.

In *Markle v. Robert Hall Clothes,* 411 Pa. 282, 191 A. 2d 374, the Court said (page 284) : "In Flagiello v. Crilly, 409 Pa. 389, 187 A. 2d 289, the Court said (page 390) : 'It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor: Castelli v. Pittsburgh Railways Company, 402 Pa. 135, 165 A. 2d 632; Stimac v. Barkey,

---

* Hereinafter referred to as Publishing Co.

405 Pa. 253, 174 A. 2d 868; Borzik v. Miller, 399 Pa. 293, 159 A. 2d 741.'"

McLaughlin is a reporter who was employed by defendant company. Plaintiff contends that McLaughlin was the servant or agent of the Publishing Co., but he failed to further prove, as the law requires, "that the driver . . . was engaged in the business of his employer . . . at the time of the accident and that he was acting within the scope of his authority: Warman v. Craig, 321 Pa. 481, 184 A. 757; Orluske v. Nash Pbg. Motors Co., 286 Pa. 170, 133 A. 148; Reed v. Bennett, 276 Pa. 107, 119 A. 827." *Lanteigne v. Smith*, 365 Pa. 132, 136, 74 A. 2d 116. Indeed, plaintiff's evidence proved the exact opposite.

Judgment of nonsuit affirmed.