Cesare, Appellant, v. Cole.

Argued April 27, 1965.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

174

*Edmund P. Turtzo,* for appellant.

*Morris Mindlin,* with him *Jackson M. Sigmon,* and *Mindlin, Sigmon, Briody & Littner,* for appellee.

OPINION BY MR. JUSTICE EAGEN, May 25, 1965:

This is an appeal from the refusal to take off a compulsory nonsuit entered in favor of the defendant, Township of Bushkill, at the close of plaintiff's case.

Plaintiff, individually and as administratrix of the Estate of Thomas W. Cesare, deceased, brought this action under the wrongful death and survival acts to recover damages suffered by reason of the death of said Thomas W. Cesare. Cesare suffered fatal injuries while riding as a passenger in an automobile operated by the defendant, Potts, when it collided with another automobile operated by the defendant, Cole, on Route 512 at its intersection with Township Route 634 in the Township of Bushkill.[1] At all relevant times, Cole was employed by the Township of Bushkill as a laborer. The sole issue involved on this appeal is whether or not the plaintiff produced enough evidence on the question of whether Cole was within the scope of his employment at the time of the accident so as to require the submission of the liability of the township to the jury. We agree with the court below that the plaintiff

---

[1] Cole's negligence was found by the jury to be the proximate cause of the accident and a verdict was returned against him.

has not met her burden and the motion to remove the nonsuit was properly refused.

Evaluating the evidence in the light most favorable to the plaintiff, as we must in these cases, the record discloses that on the morning of July 30, 1963, Cole met his fellow employees, Peters and Muschlitz, at the township garage or equipment building at approximately 6:55 o'clock a.m.; that the working day for these men began at 7:00 o'clock a.m.; that at approximately 7:15 o'clock a.m. these three men left the township garage, Peters and Muschlitz riding in a township truck (which carried the tools to be used that day), and Cole in his own automobile, destined for work on Township Route 634; that, while sometimes riding on the township truck, Cole generally drove his own automobile from the township garage to the place where the actual labor was to be performed; that sometimes Cole carried his own tools in his automobile for use in township work; that, at the time of the accident, Cole was proceeding directly to the area previously assigned for that day's labor; and that, after the accident, Cole got into the township truck and continued therein to the area of work.

Restatement (2d), Agency, §239 provides: "A master is not liable for injuries caused by the negligence of a servant in the use of an instrumentality which if [sic] of a substantially different kind from that authorized as a means of performing the master's service, or over the use of which it is understood that *the master is to have no right of control.*" (Emphasis supplied.) Illustration 4 thereunder states: "The master agrees with A, his servant, to pay for A's transportation upon public vehicles such as railway trains and street cars. As an alternative, A is permitted to use his own automobile for transportation, charging to the master the regular train fare. A is paid by the week, with indefinite hours of labor. In going to a place at

which he is to perform work for the master, A drives his own car, carrying thereon necessary tools and materials belonging to the master. In the absence of evidence that A owes P any duty of obedience in the details of operating the automobile, such driving is not within the scope of employment."

In the present case, other transportation was paid for (i.e., free transportation by township truck was provided), and we can assume at least an implied permission to Cole to use his own automobile. Militating even more strongly against the plaintiff's position here than the aforecited illustration, however, is the fact that there was no agreed reimbursement for the travel, nor was there any evidence that on the day in question Cole was carrying any "necessary tools". It is clear that Cole owed no duty of obedience in driving his automobile, and such, therefore, was not within the scope of employment.

Liability attaches to a master by reason of a servant's negligent injury of a third person only when the servant is acting within the scope of his employment: Restatement (2d), Agency, §219, and *Klovacs v. Bethlehem's Globe Publishing Co.*, 415 Pa. 95, 202 A. 2d 46 (1964). It is unquestioned that Cole was a servant of the township on the day in question and that, at the moment of the accident, he was being paid his hourly wage. The question still remains, however, whether in driving to the area of work in his own automobile he was acting within the scope of his employment.

The controlling standards are set forth in *Holdsworth v. Pennsylvania Power & Light Co.*, 337 Pa. 235, 240-241, 10 A. 2d 412, 414 (1940) : "The principle which applies to this case is that laid down in Wesolowski v. Hancock Ins. Co., 308 Pa. 117, 162 A. 166; Heinrich v. Pictorial Review Co., 326 Pa. 470, 192 A. 645, and in Gittelman v. The Hoover Co., 337 Pa. 242. In the former, we said (p. 120) : 'To hold a master legally re-

sponsible for the act of a servant who is engaged in furthering his master's business and who while doing so negligently uses some instrumentality that carries him from place to place, it must either be proved that the master exercises *actual or potential control* over that instrumentality, or the use of the instrumentality at the time and place of the act complained of must be of *such vital importance* in furthering the business of the master that the latter's actual or potential control of it at that time and place may reasonably be inferred.' (Italics supplied.) In the course of the latter opinion, we said (p. 244) : 'If, in the course of his work, an employee travels as a passenger in a train, trolley car or taxicab, he does not expose his employer to the risk of financial responsibility for accidents to other persons, and if the employee, merely for his own convenience, chooses to transport himself in his own automobile, his employer, who has not hired him to drive a car, should not be subjected to such potential liability. Therefore, unless the employee is *directed* by the employer to *use his car* for the purpose of traveling from place to place, or unless the circumstances are such that it is reasonably *necessary* for him to so travel instead of by train or other common carrier, the use of the car is not within the scope of the employment and the employer is not liable for injuries occasioned thereby to third persons.' This ruling fits the present case as though made in it." (Emphasis as in original.)

In the present case, Cole was not directed to use his automobile by the township so that no actual or potential control is present. And when we consider the nature of Cole's employment, the vital importance or even the reasonable necessity of the use of his own automobile to the township disappears. Cole was a laborer, purely and simply, and his duty, on July 30, 1963, was to perform his labors upon Township Route 634. He was not a real estate salesman, required to

contact prospective customers and transport them to the site of possible purchase, as in *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A. 2d 73 (1947) ; nor was he a door to door salesman of pots and pans, required to set up and conduct dinner parties for prospective customers, as in *Sinclair v. Perma-Maid Co., Inc.*, 345 Pa. 280, 26 A. 2d 924 (1942) ; nor was he a pump mechanic in an oil field, required to transport tools long distances from storage to job site with no means of transportation other than his own automobile, as in *Belles v. Mallory*, 369 Pa. 216, 85 A. 2d 129 (1952). In the above three cases, liability attached because the use of a private vehicle was either vitally important or reasonably necessary to the employer's business.

Cole's use of his own automobile was not even as necessary as were the employees' use of their own automobiles in *Gittelman v. Hoover Co.*, 337 Pa. 242, 10 A. 2d 411 (1940), where a traveling sales-promotion manager was returning to his work following dinner; or in *Wesolowski v. John Hancock Mut. Life Ins. Co.*, 308 Pa. 117, 162 A. 166 (1932), where an employee was using his automobile to solicit insurance customers and collect weekly premiums for his employer; or in *Holdsworth v. Pennsylvania Power & Light Co.*, supra, where the employee was directed by his foreman to go to the home office (50 miles distant) for assignment to another job. And in each of those cases, the employer's liability was negated on the grounds that there was no potential control and none could be inferred from the vital importance or reasonable necessity to the employer's business. Clearly then, Cole was not acting within the scope of his employment in the present case.

The general rule in this type of case is well stated in 52 A.L.R. 2d 287, "Employee Driving Own Car— Liability," at 303, ". . .[T]he mere fact that one in the

general employment of another, driving the employee's own vehicle, is traveling to his job is insufficient, in the absence of special circumstances, to justify the conclusion that the employee is acting in the scope of his employment . . . ." And we can find in this case no special circumstance which would justify the application of an exception to this general rule. Cole was not requested or required by the township to use his own automobile, and its use was not only not reasonably necessary, it was totally unnecessary. The township supplied its employees with transportation, but this was ignored by Cole. Furthermore, Cole was not engaged in any activity on behalf of the township other than getting himself to the job site. While there is some testimony that Cole carried his own tools at times for use on township projects (for what reason it does not appear of record), there is no indication that he was doing so this day, or that he was required to do so. Although being paid for the time consumed while driving, Cole was not being paid for the driving itself, and he would have been equally paid had he been riding on the township truck. In so driving his automobile to the area of work, Cole was not acting within the scope of his employment, and therefore, no liability could attach to the township for negligently so doing.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.