**Fernando Quinones PEREZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 65-663.**

United States District Court
D. Massachusetts.

May 10, 1966.

Sherman E. Fein, Springfield, Mass, Guy R. Peznola, Jr., Brookline, Mass, for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Albert Cullen, Asst. U. S. Atty., Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a civil action brought pursuant to the provisions of the so-called Federal Tort Claims Act. The complaint alleges that plaintiff suffered serious personal injuries on September 27, 1964, when struck by an automobile negligently operated by Donald R. James, Jr., an enlisted man in the United States Navy, on Babbs Road, in Suffield, Connecticut, and further alleges that James was acting within the scope of his employment at the time and place of the accident. The defendant's answer denies negligence and *inter alia* specifically denies that James was acting within the scope of his employment at the time and place of the accident.

The file contains interrogatories addressed to the defendant by plaintiff,

defendant's answers thereto, and defendant's motion for summary judgment supported by the affidavit of Commander John F. Mangold who was James' commanding officer on September 27, 1964. Plaintiff did not file a counter-affidavit. The case is before the Court upon the motion for summary judgment, which has been argued and briefed by the parties.

The following facts appears to be without dispute:

1. James was an enlisted man under the command of Commander John F. Mangold on September 27, 1964.

2. James was assigned to the United States Navy Nuclear Power Training Unit with a duty station in Windsor Locks, Connecticut.

3. No government quarters were available at Windsor Locks and James was authorized to and did live in private quarters located in Southwick, Massachusetts.

4. James was paid a monetary allowance by the Government in lieu of the furnishing of Government quarters.

5. While driving his own Chevrolet Corvette at about 8:45 p. m., on September 27, 1964, James struck the plaintiff who was a pedestrian on Babbs Road, Suffield, Connecticut.

6. James was going from his residence in Southwick, Massachusetts and was heading for Windsor Locks, Connecticut at the time of the accident.

7. Southwick, Massachusetts is about 25 miles from Windsor Locks, Connecticut.

8. James was on authorized liberty at 8:45 p. m. on September 27, 1964 and was not scheduled to report for duty until midnight that same day. He had no assigned duties of any kind and was not performing military duties at the time and place of the accident.

I rule that defendant is entitled to prevail on its motion for summary judgment. Plaintiff has cited no case under the law of either Massachusetts or Connecticut, the two States with relevant contacts to the facts of this accident, which has held that a private employer is liable for the negligence of one of his employees while that employee is proceeding from his home to his place of employment. Nor has plaintiff cited any case which holds that an off-duty serviceman, operating his own car several hours before the time he is scheduled to report for duty, subjects the United States to liability for negligence in the operation of that car while en route from his off-the-post quarters to the military reservation at which he is assigned for duty.

The purpose of the Federal Tort Claims Act is to impose liability upon the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C.A. § 2674. It is clear under the law of Connecticut that a large scale employer, such as United Aircraft, is not liable for the negligence of any of its hundreds of employees while driving from their homes to report for work at the United Aircraft factory, and it is equally clear that under the law of Massachusetts, General Electric or General Motors, or any other large scale employer, is not liable for the negligence of any of its employees while the employee is driving from his home to his place of employment. Congress never intended the liability of the United States under the Federal Tort Claims Act to be greater than that of private individuals and corporations in comparable fact situations.

The case of O'Brien v. United States, 236 F.Supp. 792 (D.Maine, 1964), heavily relied upon by plaintiff, is distinguishable on its facts since the serviceman there involved was proceeding under travel orders incidental to a change of his duty station. The instant case is controlled by the decision of the Court of Appeals for this Circuit in Merritt v. United States, 332 F.2d 397 (1964), in which the Court of Appeals upheld a ruling that the United States was not liable for the negligence of an off-duty enlisted man who, like the serviceman in the instant case, and unlike the serviceman in

the *O'Brien* case, was not acting under travel orders at the time of his alleged negligence.

The motion for summary judgment is allowed. Judgment for the defendant.