**Fernando Quinones PEREZ, Plaintiff, Appellant,**

v.

**UNITED STATES of America, Defendant, Appellee.**

**No. 6781.**

United States Court of Appeals
First Circuit.

Heard Nov. 7, 1966.

Decided Nov. 16, 1966.

who was on liberty, but driving between his home and his duty station. He seeks recovery under the Federal Tort Claims Act, on the ground that James was acting in the line of duty, viz., in the course of his employment. Merritt v. United States, 1 Cir., 1964, 332 F.2d 397, 398. We do not agree. James was merely commuting. That the Navy gave him a subsistence allowance, or that he was subject to call (but had not been called) at other than his regular duty hours, or that he could be court-martialed for proscribed activity while on liberty, did not mean that such commutation was for the benefit of, or was sufficiently controlled by, his employer to bring it within the scope of his employment. We have examined the Connecticut cases and find none rejecting the ordinary rule that a servant is not engaged in his master's business when travelling between home and work. Restatement (Second), Agency § 229, comment d. In the absence of an affirmative showing we will not assume that Connecticut would hold otherwise. Merritt v. United States, supra.

Affirmed.

---

Guy R. Peznola, Jr., Quincy, Mass., for appellant.

J. F. Bishop, Attorney, Department of Justice, with whom J. William Doolittle, Acting Asst. Atty. Gen., Paul F. Markham, U. S. Atty., and Morton Hollander, Attorney, Department of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

OPINION OF THE COURT.

PER CURIAM.

Plaintiff appellant was injured in Connecticut by a car belonging to, and driven by, one James, an enlisted man,