Helen **WILSON**, Administratrix of the Estate of Marshall Wilson, Deceased

v.

**UNITED STATES of America.**

Civ. A. No. 68–147.

United States District Court,
E. D. Pennsylvania.

June 15, 1970.

Herbert H. Yaskin, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for defendant.

OPINION AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Presently before the Court for determination is defendant's motion for a summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. First, this Court finds that there are no material facts at issue. Plaintiff is the

administratrix of the estate of Marshall Wilson who was fatally injured in an automobile accident on the morning of July 10, 1967. The car which collided with the deceased's car was driven by Private Richard Bailey, who at the time of the accident, 5:45 A.M., was driving from his parents' home where he was authorized to live, to his Army duty station in Edgemont, Pennsylvania. While Private Bailey was "on call" 24 hours a day, his normal duty hours, which were in effect on the morning of the accident, were from 6:00 A.M. to 4:30 P.M.

Plaintiff brought suit against the United States Government under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 and 2674. Under the Federal Tort Claims Act, the United States is liable for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, * * *" (28 U.S.C.A. § 1346(b). Moreover, § 2671 of the same Title states that a member of the military is an employee of the Government and that " '[a]cting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States, means acting in line of duty." Section 1346(b) is based on the agency principle of *respondeat superior* which imposes liability on a master by reason of a servants negligent injury of a third person only when the agent is acting within the scope of his employment. Clearly Pvt. Bailey was an employee of the Government (§ 2671) and therefore the determinative issue before the Court is whether Pvt. Bailey was acting within the scope of his employment at the time of the accident.

■ It should first be noted that Pennsylvania agency law, the law of the place of the accident, is the controlling rule of law. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); Solow v. United States, 282 F.Supp. 900 (E.D.Pa.1968). The general rule of agency law, which is stated in the Restatement of Agency § 239, and which has been followed by Pennsylvania courts, is that the master is not liable for injuries caused by the negligence of a servant where it is understood that the master is to have no right of control. Cesare v. Cole, 418 Pa. 173, 210 A.2d 491 (1965); Holdsworth v. Pennsylvania Power & Light Co., 337 Pa. 235, 10 A.2d 412 (1940); Gittelman v. Hoover Co., 337 Pa. 242, 10 A.2d 411 (1940); Heinrich v. Pictorial Review Co., 326 Pa. 470, 192 A. 645 (1937). Therefore the issue becomes a narrow one, to wit, whether the Government had a sufficient right of control over Pvt. Bailey prior to his duty hours, but while traveling to his duty station, to render it liable for his alleged negligent conduct. This issue of control has frequently been before the courts in the same factual context, i. e. an employee traveling to his place of employment. The well-established rule which has developed from this litigation is that traveling to the job is insufficient, absent special circumstances, to justify the conclusion that the employee was acting within the scope of his employment. E. g. Red's Electric Co. v. Beasley, 272 Ala. 200, 129 So.2d 676 (1961); Ross v. Robert's Express Co., 100 N.H. 98, 120 A.2d 335 (1956); Nabors v. Hardwood Homes, Inc., 77 N.M. 406, 423 P.2d 602 (1967); Weathers v. Bond, 213 Or. 519, 326 P.2d 114 (1958); 52 A.L.R.2d 287, 303 (1957). The Pennsylvania courts have stated this rule with approval. Holdsworth v. Pennsylvania Power & Light Co., *supra;* Gittelman v. Hoover Co., *supra;* Cesare v. Cole, *supra.*

The most recent Pennsylvania Supreme Court decision which discusses the application of *respondeat superior* to an employee driving his own car is Cesare v. Cole, 418 Pa. 173, 210 A.2d 491 (1965). In that case the employee, a laborer, reported to work just prior to his 7:00 A.M. starting time. After receiving instructions as to the location where he

would be working that day, the employee left in his personal car for the construction site at 7:15. The employer, the Township of Bushkill, provided transportation for the members of the employee's crew by means of a truck. On the way to the site, the individual employee's car collided with another car which resulted in the death of a passenger in that car. The Supreme Court, citing the Restatement of Agency § 239, and the *Holdsworth* and *Gittelman* cases, *supra,* affirmed the lower court's granting of a compulsory non-suit. The court reasoned that even though the employee had begun work, at the time of the accident, he was not within the scope of his employment because the employer did not direct the employee to use his car and it was not vitally important, reasonably necessary, or for the benefit of the employer that he did so. This Court finds the rule of law stated in the *Cesare* case to be controlling in the instant case.

■ Similar to the *Cesare* case Pvt. Bailey was not directed to use his car. In fact, it was Pvt. Bailey's desire to live at home with his parents, albeit authorized, which in the first instance necessitated his commuting to his duty station. The Court cannot perceive how it would be reasonably necessary or vitally important how Pvt. Bailey transported himself to duty. As the court in *Cesare* stated: "If, in the course of his work, an employee travels as a passenger in a train, trolley car or taxicab, he does not expose his employer to the risk of financial responsibility for accidents to other persons, and if the employee, merely for his own convenience, chooses to transport himself in his own automobile, his employer, who has not hired him to drive a car, should not be subjected to such potential liability. Therefore, unless the employee is *directed* by the employer to *use his car* for the purpose of traveling from place to place, or unless the circumstances are such that it is reasonably *necessary* for him to so travel

instead of by train or other common carrier, the use of the car is not within the scope of the employment and the employer is not liable for injuries occasioned thereby to third persons." Cesare v. Cole, *supra* at 177, 210 A.2d at 494, quoting Holdsworth v. Pennsylvania Power & Light Co., *supra* at 241 of 337 Pa., 10 A.2d 412. Accord Gittelman v. Hoover Co., *supra* at 244 of 337 Pa., 10 A.2d 411. Furthermore, it is equally apparent that the Government received no benefit from Pvt. Bailey driving his car to duty, nor was he performing any business on behalf of or for the benefit of the Government. (See appended affidavit of Major John M. Higgins, Private Bailey's Commanding Officer). In commuting to and from his station, this Court finds that at the time of the accident Pvt. Bailey was not acting within the scope of his employment as a Private in the Army but rather was acting for his own use and benefit and subject only to his own control while so traveling.

■ Counsel for plaintiff argues in his brief that this case involves special circumstances and therefore should be an exception to the general rule. Succinctly stated the argument is that due to the peculiar nature of the employer-employee relationship in the case of a serviceman, the Government exercises control over the employee at all times, including the time of this accident. In support of this contention counsel argues that Pvt. Bailey was "on call" while he was at home, that since he was not being paid on an hourly rate he must be receiving pay on a twenty-four hour basis, and that unlike a civilian employee, Pvt. Bailey was unable to choose not to work, or change his job, or come to work late. The Court rejects this argument; to do otherwise would be tantamount to imposing liability on the Government every time a serviceman committed a negligent act which resulted in an injury. This would, of course, greatly expand the Government's liability under the Federal Tort Claims Act in spite

of the long-established proposition that the Act was designed to impose liability only under circumstances where a private person would be liable. *E. g.* Perez v. United States, 253 F.Supp. 619 (D. Mass.), aff'd 368 F.2d 320 (1st Cir. 1966); United States v. Eleazer, 177 F.2d 914 (4th Cir. 1949). This the Court will not do. Moreover, we find support for our position in case law. While the exact issue of the "coming and going" doctrine as applied to service-men has not been determined utilizing Pennsylvania agency law, it has fre-quently been litigated elsewhere.[1]

In Strohkorb v. United States, 268 F. Supp. 526 (E.D.Va.1967), the court held that the serviceman was not within the scope of his employment or "acting in line of duty" when he was involved in an accident while returning to the base after eating supper at home with his family. Similar to the instant case, fa-cilities were available on the base, but the serviceman was not required to uti-lize them and was, in fact, authorized to eat at home. Even though the acci-dent occurred during the hours that he was on duty (the serviceman was Duty Officer from 8:00 A.M. to 8:00 A.M. the following day), the court reasoned that the master's business was not in the process of being substantially furthered at the time of the accident and therefore the serviceman was not acting in the line of duty. The court quoted comment (b) to the Restatement (Second) of Agency § 239 in support of its decision:

"The fact that the instrumentality used by the servant is not owned by the master is a fact which may indicate that the use of the instrumentality is not authorized, or if authorized, that its use is not within the scope of em-ployment. The master may authorize the use of a particular instrumental-ity without assuming control over its use as a master. The fact that he does not own it or has not rented it upon such terms that he can direct the man-ner in which it may be used indicates that the servant is to have a free hand in its use. If so, its control by the servant, although upon the mas-ter's business, is not within the scope of the employment."

In the instant case the car used by Pri-vate Bailey was his personal car, and while its use may have been authorized, the Government exercised no control over it and could not direct the manner in which it was used. This Court finds that comment (b) supports our decision.

In another case, Perez v. United States, 253 F.Supp. 619 (D.Mass.), aff'd 368 F.2d 320 (1st Cir. 1966), the Court of Appeals affirmed the District Court's granting the Government's motion for summary judgment. In that case the accident occurred at 8:45 P.M. while the serviceman was driving his personal car to his duty station where he was to go on duty at 12:00 P.M. The court noted that plaintiff was unable to cite any case law from the relevant state which held the employer liable for the negligent acts of an employee while driving to work. The Court of Appeals stated that ab-sent an affirmative showing that the agency law of the state (there Connecti-cut and here Pennsylvania) has rejected the general rule of agency that a servant is not within the scope of his employment while merely commuting between home and work, the court would not assume that the state law would vary from the general rule of agency. The Court finds

[1]. The holding in Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1950) dictates an unusual situation. While courts are required to apply the agency law of the place of the accident in determining whether a Government em-ployee is acting within the scope of his em-ployment, the Federal Tort Claims Act it-self requires such suits to be brought in a federal court. [28 U.S.C.A. § 1346(b)]. Therefore while state law must be applied there can be no state cases directly on point.

itself in accord with this proposition. For all the foregoing reasons, the Court will grant defendant's motion for summary judgment.

## AFFIDAVIT

I, Major John M. Higgins, being first duly sworn, depose and state:

On 10 July 1967, I was the Commanding Officer of Battery C, 3d Battalion (HERC), 43d Artillery, Edgemont, Pennsylvania. Private Richard Eugene Bailey was assigned to my command on the above date and was authorized to live off the missile site with his parents for his own personal convenience. His duty hours were from 6:00 a. m. to 4:30 p. m.

On 10 July 1967 at 5:45 A. M. Private Bailey was involved in the automobile accident resulting in this suit while enroute from his home to the missile site. At the time of the accident Private Bailey was not performing any duties or conducting any business in behalf of the United States of America.

_John M. Higgins_
John M. Higgins
Major, USA

Subscribed and sworn to before me this 21 day of Feb. 1969, at Washington, D. C.