Charles S. **KEMERER**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 70–1059.**

United States District Court,
W. D. Pennsylvania.

Aug. 20, 1971.

Van Ameringen, Girman & Del Sole, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

In this Federal Tort Claims action, jurisdiction exists pursuant to 28 U.S.C.A. § 1346(b). This proceeding arises as a result of a vehicular accident on September 10, 1968 involving the plaintiff and one Frederick W. Gilg, who was an employee of the Rural Electrification Administration, U. S. Department of Agriculture. Counsel have stipulated that at the time of the accident Gilg was negligently operating his automobile. The basic issue presented by this case is whether or not Gilg was acting within the scope of his employment when the accident took place.

The pertinent facts may be briefly stated. Prior to the accident, Gilg had attended a convention on government business in Atlantic City, New Jersey. Upon returning to his home in Murraysville, Pennsylvania, his duties required

him to attend a conference the same day in Bradford, Pennsylvania. While there he prepared a letter complaining of the hotel charges received from the Atlantic City hotel. At the conclusion of the Bradford conference, Gilg returned to the Murraysville area, where he stopped for dinner. Upon leaving the restaurant Gilg intended to purchase a magazine and was proceeding to mail the above-mentioned letter to the Atlantic City hotel at the Monroeville Post Office. It was Gilg's custom and practice, known to his superiors, to use the Monroeville Post Office in connection with official business mailings rather than to use the Murraysville Post Office closer to his home. Enroute to the Post Office, Gilg's car collided with the rear of plaintiff's diesel tractor, causing Gilg's death and substantial damages to plaintiff and his vehicle.

It is the considered judgment of this Court that Gilg was acting as the agent of defendant at the time of the accident and that he was acting within the scope of his employment at that time. Thus the doctrine of respondeat superior operates to make defendant, Gilg's employer, liable for all damages incurred by plaintiff as a result of the accident. Anzenberger v. Nickols, 413 Pa. 543, 198 A.2d 309 (1964).

In the present case, Gilg's employment by the Rural Electrification Administration is not questioned. What is in question, however, is whether Gilg was engaged in the pursuance of the business interests of the government at the time he was driving to the Monroeville Post Office to mail his letter of complaint. Unquestionably this matter arose out of his employment.

 The Court is aware that under Pennsylvania law there is a distinction between scope of employment and course of employment. If an act occurs simply in the course of employment, the doctrine of respondeat superior is inapplicable. Vadyak v. Lehigh & New England Railroad Company, 318 Pa. 580, 179 A. 435 (1935). However, the test of re-

spondeat superior is generally whether the employee's acts are an incident of, a part of, or in furtherance of, the employee's employment. Herr v. Simplex Paper Box Corp., 330 Pa. 129, 198 A. 309 (1938). See also Frankel v. Moody, 393 F.2d 279 (3d Cir. 1968). The conclusion that Gilg was acting within the scope of his employment because he was performing an act incident to his employment seems inescapable in the view of this Court. As stated in Frankel v. Moody, *supra*, the ultimate question of whether an act complained of was intended in any way to serve the interests of the master remains the province of the finder of fact. See also Lunn v. Yellow Cab Co., 403 Pa. 231, 169 A.2d 103 (1961).

 It appears to this Court that whether Gilg's conduct was within the scope of his employment such that the defendant is liable therefor depends on the following factors:

1. Was the conduct engaged in the kind for which Gilg was employed to perform;

2. Did the accident occur substantially within authorized time and space limits; and

3. Was the conduct taken actuated, at least in part, by the purpose of serving the employer.

An affirmative answer to these questions compels the conclusion that Gilg was acting within the scope of his employment and that the defendant would be liable for damages caused by Gilg's negligent operation of his automobile. It must be remembered that no single factor determines whether or not a person is acting within the scope of his employment; the totality of the circumstances must be considered. Winward v. Rhodewalt, 203 Pa.Super. 369, 198 A.2d 623 (1964). In this regard, it has been established and stipulated to by counsel that Gilg was on constant travel status and that he received mileage allowance for use of his car. In effect, Gilg had no precise time limitations. His use of the Monroeville Post Office was known

to and authorized by his superiors. Thus he would have been within required "space limits" in so acting. Because Gilg's presence was required at various conferences and conventions, the view of this Court is that he was engaging in the kind of work for which he was employed and it was actuated by a desire to serve the government, at least in part. Even though the cut-off time on his travel voucher was recorded as terminating at 6:30 P.M., September 10, 1968, and the accident took place some three hours thereafter, he was in fact pursuing the interests of the government by mailing his letter of complaint to the hotel. Moreover, the fact that Gilg also intended to purchase a magazine on his trip or that he had had dinner interspersed between his business endeavors does not vitiate the agency relationship or the fact that he was acting within the scope of his employment. Anzenberger v. Nickols, *supra*.

█ It appears appropriate to point out that counsel have stipulated as a fact that the Department of Labor, Bureau of Employees Compensation made complete payment to the estate and family of Gilg of all benefits which an employee of the United States would be entitled if the employee died while engaged in government business. In addition, certain records, reports, and correspondence indicate that the position taken by the United States Department of Labor, Bureau of Employee Compensation, and the United States Department of Agriculture, Rural Electrification Administration, is that Gilg clearly was acting within the scope of his employment at the time of the accident. These reports were prepared by both federal agencies subsequent to Gilg's death to determine eligibility for employee benefits. Records so prepared are properly admissible in evidence. Moran v. Pittsburgh-Des Moines Steel Company, 183 F.2d 467 (3d Cir. 1950). Moreover, the Court takes the view that these reports and records were prepared in the ordinary course of business of these federal agencies and thus were admissible under the Federal Business Records Act, 28 U.S.C.A. § 1732 et seq. The significance of these reports is that the federal agencies concluded that the estate and family of Gilg were entitled to benefits because Gilg was acting within the scope of his employment when the accident occurred. It is not only inconsistent but illogical for the government to assert that Gilg was within the scope of his employment for purposes of compensation benefits, yet to deny the same to avoid liability under the Federal Tort Claims Act.

█ The evidence has established that the plaintiff sustained severe injuries as a result of the accident. These include headaches, blurred vision, cerebral concussion, and a flexor extensor injury of the cervical spine. All of these have caused great pain, suffering and inconvenience. As a result of these accident-related injuries, plaintiff has received extensive medical treatment, medication, hospitalization, and physiotherapy. Such treatment will be required indefinitely in the future. There has been a substantial loss of wages, impairment of earning power, and property damage to the plaintiff's tractor trailer. Total special damages have been sustained in an amount in excess of $13,000. Damages will therefore be awarded for the special damages, medical care and attention required in the future, pain, suffering and inconvenience, past, present and future, and impairment of earning power reduced to present worth.

As specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure, the Court has not separately stated its findings of fact and conclusions of law; the same are contained in the body of the foregoing opinion.

An appropriate order is entered.

### ORDER

AND, NOW, this 20 day of August 1971, IT IS HEREBY ORDERED that

judgment is entered in favor of the plaintiff, Charles S. Kemerer, and against the defendant, the United States of America, in the amount of $40,000.00.