### Harvey B. DAUGHERTY

v.

### UNITED STATES of America and William F. Todero, Original Defendant.

Civ. A. No. 76–715.

United States District Court,
W. D. Pennsylvania.

Feb. 14, 1977.

Homer King, Pittsburgh, Pa., for plaintiff.

Henry G. Barr, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KNOX, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, et seq, to recover for personal injuries and property damage suffered by plaintiff Harvey B. Daugherty in an automobile accident on March 6, 1974, near Plum Borough, Allegheny County, Pennsylvania.

Plaintiff originally filed this action against William F. Todero in the Court of Common Pleas of Allegheny County on October 6, 1975, alleging that the accident was caused by Todero's negligence. Plaintiff claims that he had been proceeding east on Route 22 at about 6:00 p.m. on March 6, when Todero, an employee of the Federal Home Loan Bank Board, collided with the rear of his stopped vehicle. At the time of the alleged accident, Todero was returning to his home in Plum Borough from Beaver Falls, Pennsylvania, where he had been conducting an examination of the Beaver Falls Savings and Loan Association.

On May 26, 1976, William Todero after the Pennsylvania two year statute of limitations for personal injuries had expired (12 P.S. § 34) filed a petition to remove the action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 2679(d). At the same time the Assistant United States Attorney for the Western District filed a certification that defendant Todero was acting within the scope of his employment with the Bank Board at the time of the accident.

On May 28, 1976, this court on motion of the United States entered an order substituting the United States as defendant in place of Todero, and directing that the case proceed as a tort action against the United States under 1346(b) of the Tort Claims Act.

The United States subsequently filed a motion to dismiss under Rule 12(b)(1) claiming that the court lacked jurisdiction over the subject matter.[1] The government noted that plaintiff had failed to file an administrative claim with the Federal Home Loan Bank Board before filing suit, as required by 28 U.S.C. § 2675(a). See *Elter v. United States,* CA 74–526 (W.D.Pa.1974) (Knox, J.). 28 U.S.C. § 2675(a) provides in part:

"(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

On June 11, 1976, plaintiff filed a motion to remand the case to the Allegheny County Common Pleas Court on the grounds that the case had not been properly removed[2] and that Todero was not acting on government business at the time of the accident.

---

1. The government's motion to dismiss was also based on Rule 12(b)(6), alleging failure to state a claim for which relief can be granted.

2. Todero was served with papers in the state court action on October 27, 1975. Since the notice of removal was not filed until May 26, 1976, plaintiff argues that removal was improper in that it was not completed within 30 days as required by 28 U.S.C. § 1446(b). However the case was properly removed under 28 U.S.C. § 2679(d) which governs removal of actions under the Federal Tort Claims Act.

Argument on both motions was held on July 2, 1976, and the court conducted a further hearing and argument on October 13, 1976. The parties have submitted briefs and both motions are now pending before the court.

The issue presented in this case is whether Todero was acting within the scope of his employment with the Federal Home Loan Bank Board at the time of the alleged accident with plaintiff.

28 U.S.C. 1346(b), which provides the district court with jurisdiction over tort claims against the government, states as follows:

"(b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*"

■ First, where the government employee charged with negligence was not acting within the scope of his employment at the time of the accident, there is no jurisdiction in the district court and the case must be remanded to the state court. See 28 U.S.C. § 2679(d). Moreover, the certification filed by the Assistant United States Attorney does not resolve this issue, which is to be determined by the court after a hearing on motion to remand. *Seiden v. United States,* 537 F.2d 867 (6th Cir. 1976).

■ Second, jurisdiction lies under 1346(b) only where the United States would be liable to the plaintiff as a private individual under the law of the place of the accident. Therefore, Pennsylvania agency law, the law of the place of the accident

here, is controlling. *Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955).

The general rule of agency law followed in Pennsylvania with respect to scope of employment is set forth in Restatement (Second) of Agency 239:

"A master is not liable for injuries caused by the negligence of a servant in the use of an instrumentality which if of a substantially different kind from that authorized as a means of performing the master's service, or over the use of which it is understood that the master is to have no right of control."

■ Thus, the question becomes whether the government had the right as a master to control Todero's use of his car at the time of the accident with the plaintiff. The leading case in Pennsylvania applying Section 239 to an employee driving his own car is *Cesare v. Cole,* 418 Pa. 173, 210 A.2d 491 (1965). In *Cesare,* the employee, a laborer for the township of Bushkill, reported to work at the township garage just before his starting time at 7:00 a.m. When the employee learned where his crew was to work for the day he left for the job site in his personal car. The court found that the employee had implied permission from the township to use his own car, although transportation by truck was provided for the crew from the garage to the construction site. On his way to the site, the employee collided with another car, which resulted in the death of a passenger in that car.

The Pennsylvania Supreme Court held that the employee was not acting within the scope of his employment. The court found that he had not been directed to use his own car and that his driving was not "reasonably necessary" or "vitally important" to his duties as an employee. Thus, no right to control could be inferred.

In *Wilson v. United States,* 315 F.Supp. 1197 (E.D.Pa.1970), the court followed *Cesare* in holding that an army private proceeding in his own car from his home to the base was not acting within the scope of his

employment. In this case, the employee's use of his car to reach the base was not reasonably necessary to the performance of his duties as a soldier.

"If, in the course of his work, an employee travels as a passenger in a train, trolley car or taxicab, he does not expose his employer to the risk of financial responsibility for accidents to other persons, and if the employee, merely for his own convenience, chooses to transport himself in his own automobile, the employer, *who has not hired him to drive a car, should not be subjected to such potential liability.*" 315 F.Supp. 1199.

Applying the standards set forth in *Cesare* and *Wilson* to the case at hand, it is the court's opinion that Mr. Todero was not acting within the scope of his employment with the Federal Home Loan Bank Board at the time of the accident. When the collision occurred, Mr. Todero was returning home to Plum Borough in his own car from Beaver Falls, Pennsylvania, where he had been conducting a bank audit for the Board. He was authorized to use his personal car to drive to and from Beaver Falls, but was not required to use it and could have obtained other transportation.

Under *Cesare* and *Wilson,* Mr. Todero's use of his personal car was not in any way "reasonably necessary" to the performance of his duties as a bank examiner for the Board. His duties were entirely performed at the offices of the examinee and did not involve use of a car at all.

*Gozdonovic v. Pleasant Hills Realty Co.,* 357 Pa. 23, 53 A.2d 73 (1947) is consistent with the *Cesare* and *Wilson* cases. In *Gozdonovic,* a real estate salesman used his personal car to transport prospective customers to a subdivision in an outlying district. While on his way to pick up one of his customers, the salesman negligently parked his car on a steep grade without engaging the emergency brake. As a result, the car rolled down the grade and collided with the plaintiff's truck, causing the plaintiff serious injuries.

The salesman in *Gozdonovic* was acting within the scope of his employment because his use of the car was necessary in the business of selling real estate. Prospective customers could not be expected to travel for miles by public transportation to a subdivision site or walk great distances after they arrived. In the case at hand, however, Mr. Todero did not actually need his car in order to perform his examining duties for the Bank Board. He also could have obtained public transportation to and from his work in Beaver Falls without any effect on his employer's business.

The court is aware of the case of *Kemerer v. United States,* 330 F.Supp. 731 (W.D. Pa.1971—Gourley, J.) holding that a government driver was acting on government business in a situation similar to the case at bar. In *Kemerer,* an employee of the Rural Electrification Administration was involved in an automobile accident while returning home to Murrysville, Pennsylvania from a business conference in Bradford, Pennsylvania.

However, the crucial factor in *Kemerer* appears to be that the employee was proceeding to mail an official letter dealing with government business at the time of the accident. Here, Mr. Todero had completed all official duties for his employer when he left the Savings and Loan Association in Beaver Falls.

The court notes that in this case a considerable period of time elapsed before the United States removed plaintiff's original state court action. Plaintiff filed his complaint on October 6, 1975, and service on defendant Todero was completed on October 27, 1975. The petition for removal was not filed by the United States until May 26, 1976, more than two years after the date of the accident.

Plaintiff claims that he had no reason to know that Todero was a government driver acting on government business until May 26, 1976. Also, he charges that the United States misled him by its silence when it knew of Todero's status, when it had knowledge of the state court action and did nothing until the two-year limitation on both state and federal claims had run.

Thus, plaintiff claims that the government should be estopped from raising as a defense plaintiff's failure to file an administrative claim within two years of the accident, 28 U.S.C. § 2401(b), or before filing suit, 28 U.S.C. § 2675(a).

Since, however, we have concluded that Mr. Todero was not acting on government business at the time of the accident, we need not resolve any issue of estoppel here. For the reasons stated above, plaintiff's motion to remand will be granted and defendant's motion to dismiss will be denied. The order of May 28, 1976, substituting the United States as defendant must be vacated as improvidently entered.